LOVE MORTGAGE PROPERTIES, INC.,
Plaintiff-Appellant,

v.

Jeffrey H. HOREN, d/b/a Music Systems, Defendant-Respondent.

No. 44205.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Hazelwood, Barklage & Barklage, P.C. by Keith W. Hazelwood, St. Charles, for plaintiff-appellant.

Rothman & Sokol by Robert J. Keefe, Clayton, for defendant-respondent.

SATZ, Judge.

Plaintiff Love Mortgage Properties, Inc. brought this "declaratory judgment" action "in equity" against Jeffrey H. Horen for "breach of a lease contract." On defendant's motion, the trial court dismissed plaintiff's petition. Plaintiff appeals. We affirm.

Before addressing the merits of plaintiff's appeal, we must rule on a jurisdiction-al matter. Defendant claims this Court lacks jurisdiction because plaintiff's notice of appeal was not timely filed. We disagree.

To be timely, a notice of appeal must be filed no later than 10 days after the judgment or order appealed from becomes final. Rule 81.04(a). A judgment becomes final 30 days after entry of judgment, if no timely motion for a new trial is filed. Rule 81.05(a). If a motion for a new trial is timely filed and not ruled upon, the judgment becomes final 90 days after the filing of the motion, and authorized after-trial motions are treated as a new trial motion "for the purpose of ascertaining the time within which an appeal must be taken." Rule 81.05(a).

In the present case, plaintiff filed a Motion to Reconsider Dismissal shortly after the trial court entered its order dismissing plaintiff's petition. The trial court did not rule on this Motion. One hundred days after plaintiff filed its Motion to Reconsider Dismissal, plaintiff filed its notice of appeal. Thus, if plaintiff's Motion was an authorized after-trial motion, plaintiff's notice of appeal would be timely. The order of the trial court would not have become final until 90 days after plaintiff filed its Motion and plaintiff would then have had 10 days to file its notice of appeal.

Defendant contends, however, that plaintiff's Motion to Reconsider Dismissal was not an authorized after-trial motion within the meaning of Rule 81.05(a) and, therefore, plaintiff had only 40 days following the dismissal to file a notice of appeal, i.e., 30 days for the order of dismissal to become final and 10 days thereafter to file a notice of appeal. Defendant argues that since no trial took place in the present case, no "after-trial" motion could be filed.

■ Contrary to defendant's contention, a motion to set aside an order of dismissal is treated as a motion for new trial for purposes of appeal. *In Re Franz' Estate,* 359 Mo. 362, 221 S.W.2d 739, 740 (1949) (construing former Rule 3.24, the predecessor of Rule 81.05(a). As was stated in the *Franz* case: L.C. 740

"[T]he motion [to reconsider] was nothing more than a motion asking the trial court to reconsider its ruling and to set aside the dismissal order. It was, in fact, simply a motion for rehearing or new trial."

Similarly, in the present case, plaintiff's motion was "simply a motion for rehearing or new trial." Since the trial court here did not rule on plaintiff's Motion to Reconsider Dismissal, its order of dismissal did not become final until 90 days after plaintiff filed its Motion. Therefore, plaintiff's notice of appeal filed 10 days thereafter was timely.

We turn now to the merits of plaintiff's appeal. Although plaintiff's petition is uniquely pleaded, it cannot stand against defendant's motion to dismiss.

■ In Count I of its petition, plaintiff alleges "that defendant has breached this Lease Contract" by eight separately listed acts. Plaintiff then requests the court (1) to declare the lease was breached, (2) to fix a lien on defendant's personal property and fixtures located on the leased premises in order to "secure the performance of [defendant's] contractual obligations" and (3) to declare that plaintiff is entitled to possession without terminating the lease. Although plaintiff ostensibly seeks declaratory relief, its real cause of action is an action at law for breach of contract. In Missouri, a declaratory judgment action is not intended to be a substitute for an existing remedy, "except in exceptional circumstances plainly appearing." *Harris v. State Bank and Trust Co. of Wellston,* 484 S.W.2d 177, 178–179 (Mo.1972). No exceptional circumstances appear or have been shown here. Moreover, plaintiff's request for a lien is nothing more than a method to collect damages caused by defendant's breach of contract. This method of collection is a post-judgment remedy which can be pursued after damages have been adjudicated. Again, plaintiff's proper process is at law

not declaratory judgment. Finally, plaintiff's request for a declaration of its right to possession is now moot. The parties agree that defendant is no longer in possession of the leased premises.

In Count II of its petition, plaintiff requests a temporary injunction requiring defendant to (1) remain open during business hours; (2) remain a member of a merchant's association; (3) keep the premises in good repair; (4) comply with fire ordinances; (5) allow plaintiff access to certain electric controls; and (6) operate as a retailer rather than a wholesaler. In Count III, plaintiff requests that the temporary injunction be made permanent. The issues raised and the relief requested in these Counts rest on the assumption that defendant has not vacated the leased premises. Defendant, however, has now vacated the leased premises. Thus, Counts II and III are moot.

■ We have reached the same result as the trial court by a slightly different route.[1] On appeal, however, our primary concern "is the correctness of the result, not the route by which it is reached." *Farm Bureau Mut. Ins. Co. v. Broadie,* 558 S.W.2d 751, 753 (Mo.App.1977). Accordingly, we affirm the judgment of the trial court.

SMITH, P.J., and PUDLOWSKI, J., concur.

---

1. The trial court dismissed plaintiff's petition on the ground that plaintiff had an adequate remedy at law and that "an injunction will not issue for the taking of property out of the possession of one party and placing it in the possession of another."