**A.T. SWITZER COMPANY, Appellant,**

v.

**MIDWESTERN CONSTRUCTION COMPANY OF MISSOURI, Midwestern Construction Company, Respondent.**

**No. WD 34735.**

Missouri Court of Appeals, Western District.

March 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 1, 1984.

Phillip B. Grubaugh, Kansas City, for appellant.

William L. Turner and Bruce B. Waugh, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This is an appeal from an order granting a new trial in a case tried to the court upon a stipulation of fact. We affirm the order. Plaintiff A.T. Switzer Company filed suit against Midwestern Construction Company of Missouri for the amount for which it had subcontracted to do certain painting on a Corps of Engineers project upon which Midwestern was the general contractor. The case was submitted upon stipulated facts, and the trial court rendered judgment for the plaintiff for the amount of the contract, the amount sought by plaintiff in its petition. Afterwards, upon defendant's motion for reconsideration, the trial court set aside its earlier judgment, and ordered the case "reinstated on the active trial docket". Plaintiff has appealed from the last mentioned order, as from an "order granting a new trial", § 512.020, RSMo 1978; *Love Mortgage Properties, Inc. v. Horen*, 639 S.W.2d 839, 840–41 (Mo.App. 1982).

The court's order specified no grounds for granting the defendant's motion. The granting of the motion is therefore presumed to be erroneous and the burden is upon the respondent to support it. Rule 84.05(b).

The background facts are as follows, as shown by a stipulation of fact entered into by the parties:

In early 1977 the Corps of Engineers announced a construction project involving

miscellaneous constructions, alterations, and repairs on existing buildings at Lake City AAP, Independence, Missouri. Plaintiff Switzer secured the plans and specifications from the owner and prepared an itemized bid for painting upon said project in the amount of $10,528. This bid was submitted to several potential general contractors for the project, including defendant Midwestern.

Defendant was awarded the general contract by the Corps, and later plaintiff and defendant entered into a written subcontract whereby plaintiff was to do all painting and finishing work upon the project as set forth in the contract and incorporated documents, and was to be paid the sum of $10,528.

In June or July, 1977, Midwestern's estimator told plaintiff that there was no painting or finishing work to be done on the project. The parties' fact stipulation says:

> The bid submitted by Switzer and accepted by Midwestern and the contract entered into between the parties was done under the assumption by Switzer and Midwestern that the plans and specifications called for painting and finishing work as set out under Division 9–Finishes, Section 9A, of the Corps' contract. After signing the contract ... the parties discovered that there was actually no painting or finishing required on the project, and therefore no work for plaintiff to perform.

The stipulation goes ahead to say:

> Neither defendant nor any of its other subcontractors did any painting or finishing work on the Project, plaintiff did not reject or refuse to do any work that was required to do by defendant, and defendant did not require plaintiff to do any work. The lack of painting and finishing work on the Project resulted from the use of materials which did not require painting and finishing. The materials used were not changed during the course of the project, but the parties were mistaken at the time of signing the contract regarding the work to be done.

As to any communication between the parties between June or July, 1977, when defendant informed plaintiff that there was no painting work to be done, and August 31, 1978, the stipulation is silent. However, on the latter date plaintiff sent to defendant its invoice demanding payment of the subcontract price of $10,528. Defendant did not pay the invoice and this suit followed in due time.

We affirm the order of the trial court setting aside the judgment for plaintiff, and we enter judgment for defendant.

The parties in entering into the subcontract for painting were laboring under a mutual mistake of fact. They assumed, as all parties agree, that painting on the project was required, whereas the fact was that there was no painting called for by the general contract. This mistake, when discovered, justified defendant in rescinding the contract as it did when defendant's estimator told plaintiff that the specifications did not require painting. *Nordyke & Marmon Co. v. Kehlor*, 155 Mo. 643, 56 S.W. 287 (1900); *See also Jennings v. Metropolitan Life Ins. Co.*, 166 S.W.2d 339, 344 (Mo.App.1942); Restatement (Second) of Contracts § 152, comment b (1981); 17A C.J.S. Contracts §§ 144c, 418(2) (1963).

Plaintiff says that to deny it the recovery of the amount of its contract is to give the defendant a windfall. It reasons thus: Defendant used the $10,528 painting figure and added it into its bid, which has become a component of the contract price between general contractor Midwestern and owner Corps of Engineers. If plaintiff is not awarded the $10,528, defendant will get to keep it and will be unjustly enriched by that amount.

Plaintiff's argument rests upon conjecture. We have no idea how plaintiff's $10,528 figured into defendant Midwestern's bid which was accepted by the Corps of Engineers. The Switzer-Midwestern subcontract was entered into after the general contract between the Corps of Engineers and Midwestern, although it is true that plaintiff Switzer's bid was furnished to Midwestern before it had been awarded the

general contract. Neither Midwestern's bid nor the general contract between it and the Corps of Engineers is included in the record before us. If it were true, though, that the $10,528 was included as a component in Midwestern's bid, and thus found its way into the contract, still that would furnish Switzer no claim upon it. If Midwestern is not entitled to the $10,528, it is the Corps of Engineers that is entitled to it, not Switzer. We cannot say for certain that Midwestern does not owe this amount to the Corps of Engineers. If it does, and if the Corps of Engineers should make a claim for its return, it would be no defense to Midwestern that it had paid it to Switzer. On the other hand, if it is a windfall either to Midwestern on the one hand or to Switzer on the other, the court will leave the parties where it found them and will not lend its aid to shift the windfall from one party to the other.

Order vacating the judgment for plaintiff is affirmed and we enter judgment for the defendant. Supreme Court Rule 84.14.

All concur.