Mabel Louise BOSTON, Plaintiff,

v.

SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION, A DIVISION OF HOME SERVICES OF AMERICA, Defendant.

No. S 86–208 C (5).

United States District Court,
E.D. Missouri,
Southeastern Division.

July 14, 1988.

**180**

James E. Reeves, Caruthersville, Mo., Fielding Potashnick, Sikeston, Mo., for plaintiff.

Daniel S. Norton, Sikeston, Mo., for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This cause is before the Court on the parties' cross-motions for summary judgment. Plaintiff Mabel Louise Boston filed this two-count civil action seeking to collect on two certificates of deposit issued by defendant Security Federal Savings and Loan Association (Security Federal). Count I seeks recovery on certificate number 0107 in the amount of $64,000 plus interest, and Count II seeks recovery on certificate number 0108 in the amount of $68,000 plus interest. Defendant filed a two-count counterclaim, which seeks reformation of the certificates of deposit based on alternative theories of either mutual or unilateral mistake.

In defendant Security Federal's motion for summary judgment, filed June 23, 1988, it claims that the doctrines of mutual and unilateral mistake entitle it to summary judgment and reformation of the certificates of deposit. Defendant also claims that summary judgment should be entered against plaintiff on her theories of laches and estoppel. In plaintiff's motion for summary judgment, filed one day later, Mrs. Boston submits that the defense of mistake is precluded by the doctrines of laches, equitable estoppel and negligent estoppel.

Under Fed.R.Civ.P. 56, a movant is entitled to summary judgment if he can show "that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court must view the facts and inferences derived from them in the light most favorable to the non-moving party. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party, and a court should not grant a summary judgment motion unless there is no evidence to sustain a recovery under any circumstances. *Id.* However, a party opposing a summary judgment motion may not rest upon the allegations of his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also* 10A C. Wright, A. Miller & M. Kane *Federal Practice and Procedure* § 2739.

The following facts are not in dispute. Plaintiff, a 79–year old woman, married Roy C. Boston in 1928. They lived together in the Sikeston, Missouri area until Mr. Boston's death on February 14, 1986. Prior to his death, Mr. Boston was a regular customer of the defendant, Security Federal. In 1978, Mr. Boston purchased two certificates of deposit from Security Federal. On July 25, 1978, number 10688 was issued with an opening balance of $6,400. On December 3, 1978, number 11102 was issued with an opening balance of $6,800. Both certificates bore maturity dates eight years from the date of issuance. The owners of the certificates were listed as Roy C. Boston or Mable Louise Boston or Larry Boston.

On December 29, 1981, Mr. Boston asked Teresa D. Collier, a Security Federal employee, to reissue each of the two certificates of deposit to delete from each of them the name of his son, Larry Boston. Mr. Boston surrendered the old certificates to Ms. Collier, who then prepared the new certificates. When she typed in the amounts on the new certificates, Ms. Collier inadvertently increased the amounts of

the certificates tenfold. Certificate number 10688 was reissued as number 0107 in the amount of $64,000, and certificate number 11102 was reissued as number 0108 in the amount of $68,000.

In July 1982, Security Federal merged with Savings of America, and thereafter was known as Savings of America. Linda Mayfield was branch manager of the Sikeston, Missouri branch of Savings of America in 1984. In early 1984, Mr. Boston asked Ms. Mayfield to update his passbook to show the balance reflected by his certificates of deposit. According to Ms. Mayfield's affidavit, that is when Savings of America (formerly Security Federal), and apparently Mr. Boston, became aware of the error.

The meeting between Ms. Mayfield and Mr. Boston in early 1984 appears to have been the first real conflict between the parties. Ms. Mayfield states in her affidavit that Mr. Boston refused to let her correct the error at that time, and that she later corresponded in writing with both Mr. Boston and his attorney, Fielding Potashnick, concerning the error. She states that she assumed the problem had been resolved when she did not hear from either Mr. Boston or Mr. Potashnick after mid-1984.

Mr. Boston died in February 1986, and plaintiff, Mrs. Boston, became the sole owner of the certificates of deposit. The first certificate matured in July 1986, at which time Mrs. Boston sought to collect the $64,000 plus interest allegedly due under certificate number 0107. Security Federal refused payment, contending that she was only entitled to the amount of the original certificate, $6,400 plus interest. Certificate number 0108 became due in December 1986 with Security Federal again refusing to pay the amount requested by Mrs. Boston. This action followed, with the plaintiff seeking recovery on both of the certificates of deposit.

■ The issue here is whether Mrs. Boston is entitled to collect on the certificates of deposit the full amounts as shown, or whether the Court will allow reformation of the documents to correct the typographi-cal error by the Security Federal employee when the certificates were reissued in 1981.

Reformation is a form of equitable relief which allows parties to a contract to reform an instrument to what the parties actually intended. *St. Louis Realty Fund v. Mark Twain South County Bank 21,* 651 S.W.2d 568, 572 (Mo.App.1983). Generally, reformation is only granted where there is a mutual mistake. There is an exception, however, when the mistake of one party is either known to the other party or is so obvious that it must have been known to him. In that case, reformation may be allowed where there is a unilateral mistake. *Sheinbein v. First Boston Corp.,* 670 S.W.2d 872, 877 (Mo.App.1984).

There is a mutual mistake "[w]here both parties share a common assumption about a vital existing fact upon which they based their bargain and that assumption is false ... [and] a quite different exchange of values occurs from the exchange of values the parties contemplated." J. Calamari & J. Perillo, Contracts, § 9–26 at 379 (3d ed. 1987). *See also A.T. Switzer Co. v. Midwestern Constr. Co.,* 670 S.W.2d 69, 70 (Mo.App.1984); Restatement (Second) of Contracts § 152 (1981). Similarly, a unilateral mistake occurs when one party is mistaken as to a basic assumption and the other party knew or should have known of the mistake. *Sheinbein,* 670 S.W.2d at 877; Restatement (Second) of Contracts § 153 (1981).

■ Plaintiff does not dispute that there was a mistake made. It appears to the Court that the mistake was a unilteral one, because the mistake was made by Ms. Collier at the time she reissued the certificates of deposit. It also appears that the mistake is one that should have been known to the Bostons. The existence of the mistake was certainly made clear to Mr. Boston in 1984 when he talked with Ms. Mayfield at Security Federal. When Mr. Boston became aware of the mistake, the Court finds that Mrs. Boston, as a co-owner of the certificates of deposit, had constructive knowledge of the mistake.

Having determined that there was a unilateral mistake by Security Federal concerning the certificates of deposit, the Court must consider next whether one of the equitable doctrines cited by plaintiff prevents the Court from reforming the certificates to conform with the true intention of the parties. Plaintiff contends the doctrines of laches, equitable estoppel and negligent estoppel prevent defendant from using mistake as a defense to this action.

Laches and estoppel are equitable theories that are closely related. Both are unfavored theories. *G.M. Morris Boat Co. v. Bishop*, 631 S.W.2d 84 (Mo.App.1982). Laches has been said to be neglect for an unreasonable and unexplained time, under circumstances permitting diligence, to do what in law should have been done, and estoppel arises from the unfairness of permitting a party to belatedly assert rights if he knew of those rights, but took no steps to enforce them until the other party has, in good faith, become disadvantaged by changed conditions. *Stenger v. Great Southern Savings & Loan Assoc.*, 677 S.W.2d 376, 383 (Mo.App.1984); *Metropolitan St. Louis Sewer Dist. v. Zykan*, 495 S.W.2d 643, 656 (Mo.1973).

Laches and estoppel are questions of fact to be determined from all the evidence and circumstances adduced at trial. *Zykan*, 495 S.W.2d at 657; *Western Casualty and Surety Co. v. Herman*, 318 F.2d 50, 55 (8th Cir.1963). In this case, however, there is no dispute about when the facts giving rise to plaintiff's claims of laches and estoppel occurred. The Court therefore finds that, as a matter of law, the facts of this case do not support these equitable theories.

■ Plaintiff also contends that Security Federal's defense of mistake is barred by the doctrine of negligent estoppel. The theory here is that equity will not reform a contract if the party seeking reformation has been guilty of negligence. 13 S. Williston, Law of Contracts § 1596 at 558 (W. Jaeger 3d ed. 1970). Defendant here acknowledges that it made a mistake. It is also clear that plaintiff knew or should have known of the mistake. To prevent reformation of this document because of defendant's mistake would be inequitable and unjust. Plaintiff has not changed her position in reliance on defendant's mistake. Likewise, the Court will not allow her to improve her position because of defendant's mistake.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is SUSTAINED.

IT IS FURTHER ORDERED that judgment is entered in favor of defendant and against plaintiff on the merits of plaintiff's complaint.

IT IS FINALLY ORDERED that judgment is entered in favor of defendant and against plaintiff on the merits of defendant's counterclaim. Certificate of deposit number 0107 is reformed to show an opening balance of $6,400, and certificate of deposit number 0108 is reformed to show an opening balance of $6,800.