**Mabel Louise BOSTON, Appellant,**

v.

**SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION, A DIVISION OF HOME SERVICES OF AMERICA, Appellee.**

No. 88–2207.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1989.

Decided June 14, 1989.

James E. Reeves, Caruthersville, Mo., for appellant.

Daniel S. Norton, Sikeston, Mo., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

In this diversity action, Mabel Boston appeals the order of the district court[1] granting summary judgment in favor of Security Federal Savings and Loan Association. 691 F.Supp. 179. We affirm.

I.

On July 25, 1978, Security Federal Savings and Loan Association (Security Federal) issued certificate of deposit number 10688 to "Roy C. Boston or Mabel Louise Boston or Larry Boston." The certificate had an opening balance of $6,400 with an

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

eight percent annual interest rate compounded daily and matured on July 25, 1986. On December 4, 1978, Security Federal issued certificate of deposit number 11102 to the same three individuals. This certificate had an opening balance of $6,800 with an eight percent annual interest rate compounded daily and matured on December 3, 1986.

On December 29, 1981, Roy Boston requested that his son's name, Larry Boston, be removed from both certificates. To accomplish the name deletion, Roy Boston surrendered certificates 10688 and 11102 so that new ones could be reissued. On the back of each certificate, Roy Boston signed his signature below a statement which said that the certificate was reissued that date "due to name change only." A Security Federal employee then prepared two new certificates, 0107 and 0108. The new certificates were identical to the old ones except that Larry Boston's name was omitted and the stated opening balances were shown as $64,000 and $68,000, respectively. Each certificate also stated across the top that it was "reissued on December 29, 1981, due to name change."

In February or March of 1984, Roy Boston contacted Linda Mayfield, a Security Federal employee, about the discrepancy between the opening balances in the passbooks for the accounts represented by certificates 0107 and 0108 and the opening balances stated on the certificates. Mayfield told Roy Boston that typographical errors had been made on the reissued certificates. Mayfield sent a letter to both Roy and his attorney stating that the opening balances of certificates 0107 and 0108 were $6,400 and $6,800, respectively. Mayfield invited Roy Boston and his attorney to contact her if they had any questions.

Mayfield did not hear from the Bostons or their attorney until 1986, when the certificates matured and were presented for payment. When Security Federal refused payment, Mabel Boston filed this lawsuit.[2]

Security Federal moved for summary judgment, contending that due to mutual or unilateral mistake the certificates should be reformed to reflect the amounts on the original certificates. The district court granted Security Federal's motion, finding no genuine issue of material fact as to the question of unilateral mistake. This appeal followed.

## II.

Summary judgment is appropriate when the record shows that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Pfoutz v. State Farm Mut. Auto. Ins. Co., 861 F.2d 527, 529 (8th Cir.1988). "The party opposing the motion is entitled to all reasonable inferences to be drawn from the facts," and the court must view all facts in "the light most favorable to that party." Pierce v. Marsh, 859 F.2d 601, 603 (8th Cir.1988).

Under Missouri law, a party seeking reformation under the doctrine of unilateral mistake must show that a mistake was made and that the mistake was

> either known to the other party or is so obvious, under the circumstances, that it must have been known to him, and the mistake concerns a matter so vital that it can be said that the parties, because of miscalculation or false information, never actually agreed to the same proposition.

Great Western Sugar Co. v. Mrs. Alison's Cookie Co., 749 F.2d 516, 521 (8th Cir.1984) (quoting Frederich v. Union Elec. Light & Power Co., 336 Mo. 1038, 82 S.W.2d 79, 86 (1935)). See also Sheinbein v. First Boston Corp., 670 S.W.2d 872 (Mo.App.1984).

It is obvious that typographical errors were made. The bank's records, the original certificates, and the Bostons' passbooks all state that the original opening balances were $6,400 and $6,800. Given the obviousness of the errors, Roy Boston knew or should have known that Security Federal had made typographical errors and did not

---

**2.** Roy Boston died on February 14, 1986, leaving his widow, Mabel, as the sole owner of the certificates.

intend to pay the stated amounts. Roy Boston signed his name on the original certificates directly below statements providing that the certificates were reissued "due to name change only." The reissued certificates bore the same statement. No evidence suggests that Roy Boston believed that he originally deposited the amounts stated on the reissued certificates. Both the passbooks and the original certificates, which the Bostons retained, stated the correct amounts. The large difference between the two sets of opening balances was in itself sufficient to alert Roy Boston to the error. As joint owner of the certificates, Mabel Boston is imputed with constructive knowledge of the mistakes. *See Murphy v. Olds,* 508 S.W.2d 249, 253 (Mo. App.1974) (wife imputed with constructive knowledge if husband had authority to act for her).

We have considered Mabel Boston's contention that the doctrines of estoppel, laches, and negligent estoppel should be held to bar Security Federal's prayer for reformation of the certificates, and we conclude that the district court did not err in holding these equitable principles inapplicable under the undisputed facts presented.

The order granting summary judgment is affirmed.