**AL COPELAND ENTERPRISES f/k/a Church's Fried Chicken, Inc., Plaintiff,**

v.

**Arnold H. SCHWAB, et al., Defendants.**

No. 89–0705C(6).

United States District Court,
E.D. Missouri, E.D.

Dec. 6, 1989.

Thomas R. Jayne, Kenton E. Knickmeyer, Thompson & Mitchell, St. Louis, Mo., for plaintiff.

Thomas Cummings, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

This matter is before the Court on the request of plaintiff, Al Copeland Enterprises, Inc., for equitable reformation of an Amendment to a Build-to-Suit Lease Agreement between plaintiff and defendants Arnold H. Schwab and Louise Schwab ("the Schwabs"). Plaintiff's claim arises in the context of a suit brought to obtain restitution for alleged overpayments under an extension to the original Build-to-Suit Lease Agreement. Plaintiff's restitution claim and defendants' counterclaim for alleged underpayments were tried to a jury. The jury returned verdicts for plaintiff on its claim for restitution and against defendants on their counterclaim. Specifically, the jury found that plaintiff mistakenly paid defendants monthly rental of $3,864.15 for the period from November 1984 through November 1988 and that the correct rental under the parties' lease was $2,644.23.

At the close of the jury trial the parties presented evidence to the Court concerning plaintiff's claim for reformation of the amendment. Having considered the pleadings, the evidence and testimony adduced at trial, the briefs of the parties and the applicable law, the Court now enters its findings of fact and conclusions of law with respect to plaintiff's claim for reformation. Fed.R.Civ.Pro. 52.

## FINDINGS OF FACT

In May of 1988 Al Copeland Enterprises f/k/a Church's Fried Chicken, Inc. and the Schwabs entered into negotiations concerning an Amendment to the original lease. Kim Parsons, an employee of Church's, negotiated the Amendment on behalf of plaintiff. Ms. Parsons had authority to negotiate an amendment providing for an increase of no more than fifteen percent over the then-current monthly rental of $3,864.15. On May 11, 1988 Ms. Parsons sent a letter to Mr. Schwab proposing an amendment to the lease which would provide for a monthly rental of $3,864.15 and a term of 5 years. *See* Plaintiff's Exh. 11. Upon receipt of this letter Mr. Schwab telephoned Ms. Parsons and stated that the proposed monthly rental was not acceptable. Mr. Schwab then offered the property to plaintiff at a monthly rental of $4,200 for the five-year period from August 1, 1989 to July 20, 1994, with a provision for an increase in the monthly rental to $4,500 over the subsequent five-year term. An Amendment to the original lease containing these terms was signed by plaintiff on August 29, 1988 and by the Schwabs on Octo-

ber 30, 1988. *See* Plaintiff's Exh. 12. Mr. Schwab testified that he proposed the $4,200 and $4,500 figures because these amounts would yield yearly rents on the property equal to ten percent of the fair market value of the property.

In support of its claim for reformation of the Amendment, plaintiff asserts that the parties negotiated the rental term under the mistaken assumption that plaintiff was currently paying the correct monthly rental under the original lease. (Plaintiff's Cmplt. ¶ 47) Plaintiff further asserts that the parties agreed to the $4,200 and $4,500 rental figures because these amounts reflected an 8.7% increase over the existing rental for the first term and an additional 7.1% increase for the subsequent term. (Plaintiff's Cmplt. ¶ 48) Defendants flatly deny this assertion.

## CONCLUSIONS OF LAW

Reformation is an equitable remedy available only when the party seeking reformation demonstrates by "clear, cogent and convincing evidence" that an instrument fails to reflect the intentions of the parties. *Brennan v. Missouri State Employees' Retirement System*, 734 S.W.2d 230, 232 (Mo.Ct.App.1987). The general rule is that reformation will be granted only where there is a mutual mistake, but reformation may be allowed on the ground of unilateral mistake if the other party knew or should have known of the error. *Boston v. Security Fed. Sav. & Loan Ass'n*, 691 F.Supp. 179, 181 (E.D.Mo.1988), *aff'd*, 877 F.2d 696 (8th Cir.1989) (citing *Sheinbein v. First Boston Corp.*, 670 S.W.2d 872, 877 (Mo.Ct.App.1984)).

Mutual mistake occurs "[w]here both parties share a common assumption about a vital existing fact upon which they based their bargain and that assumption ... results in a quite different exchange of values than the parties contemplated." J. Calamari & J. Perillo, Contracts § 9–26 at 379 (3d ed. 1987) *quoted in Boston v. Security Fed. Sav. & Loan Ass'n*, 691 F.Supp. at 181. "A unilateral mistake occurs when one party is mistaken as to a basic assumption and the other party knew or should

have known of the mistake." *Boston*, 691 F.Supp. at 181 (citing *Sheinbein*, 670 S.W.2d at 877). Unilateral mistake will entitle a party to reformation only if "the mistake concerns a matter so vital that it can be said that the parties, because of the miscalculation or false information, never actually agreed to the same proposition." *Boston v. Security Fed. Sav. & Loan Ass'n*, 877 F.2d 696, 697 (8th Cir.1989) (quoting *Great Western Sugar Co. v. Mrs. Alison's Cookie Co.*, 749 F.2d 516, 521 (8th Cir.1984)); *see also Frederich v. Union Electric Co.*, 336 Mo. 1038, 82 S.W.2d 79, 86 (1935); *Sheinbein*, 670 S.W.2d at 877 (Mo.Ct.App.1984).

Applying these principles to the facts of this case, the Court concludes that plaintiff has not established a basis for reformation of the Amendment. Regardless of whether the mistake is characterized as mutual or unilateral, plaintiff has not met its burden of demonstrating by clear and convincing evidence that the Amendment fails to reflect the intent of the parties. Plaintiff has failed to offer clear and convincing evidence that the mistake concerning the propriety of the rents then being paid was a vital existing fact which formed the basis of the parties' bargain under the Amendment. The monthly rental provision in the Amendment is not derived from or calculated on the basis of the existing rental term as to which the parties were mistaken. The fact that plaintiff was paying excess rents under the existing agreement in no way mandates a conclusion that plaintiff did not agree to pay the $4,200 and $4,500 monthly rentals explicitly provided for in the Amendment.

The sole piece of evidence offered by plaintiff to link the rents being paid during the negotiation of the Amendment with the rents the parties agreed to under the terms of the Amendment is the testimony of Tom Lally, plaintiff's Vice President for Real Estate, that Ms. Parsons only had authority to negotiate a rental term that exceeded the then-current rent by fifteen percent. This evidence is insufficient to satisfy plaintiff's burden. Although the $4,200 figure agreed upon exceeds the correct

rent by more than fifteen percent, Mr. Lally implicitly approved this amount when he executed the Amendment on plaintiff's behalf. Moreover, plaintiff has offered no evidence to demonstrate that plaintiff mistakenly believed that the Amendment as executed obligated plaintiff to pay less than $4,200 in monthly rents. On the basis of the foregoing, the Court holds that defendants are entitled to judgment on plaintiff's claim for reformation of the Amendment.

## JUDGMENT

This action came on for trial before the Court and a jury, Honorable George F. Gunn, District Judge, presiding, and the issues having been duly tried and the jury having duly entered its verdict,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the plaintiff Al Copeland Enterprises f/k/a Church's Fried Chicken, Inc. recover of the defendants Arnold and Louise Schwab the sum of $63,918.77 (Sixty Three Thousand Nine Hundred Eighteen Dollars and Seventy-seven Cents) with interest thereon at the rate of 7.69% per annum and the costs of this action.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of plaintiff Al Copeland Enterprises f/k/a Church's Fried Chicken, Inc. on the counterclaim of defendants Arnold and Louise Schwab.

Pursuant to the memorandum opinion filed on this date herein,

IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of defendants Arnold and Louise Schwab on Count II of plaintiff's complaint.