SUBURBAN BUSINESS PRODUCTS,
INC. Appellant,

v.

T.E. SCHMITT COMPANY, a
corporation, and Thomas E.
Schmitt, Respondents.

No. 57894.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1990.

Lawrence Joseph Robertson, Chesterfield, for appellant.

J. Peter Schmitz, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Suburban Business Products, Inc., appeals the December 4, 1989, order of the Circuit Court for the City of St. Louis dismissing its case against the respondent, Thomas E. Schmitt. We affirm.

Appellant is a Missouri corporation which sells office machinery and printing services. On January 31, 1989, the appellant entered into a "Printing Equipment Lease–Purchase Agreement" with the respondent and the Thomas E. Schmitt Company (TESCO). The contract identified respondent as being the sole shareholder of TESCO.

Under the terms of the agreement, appellant was to lease printing equipment to TESCO for one year in exchange for a monthly rental of $1,000.00. Suburban was then to order printing services from TESCO "to the extent consistent with TESCO's capability." At any time during the period of the lease, appellant had the option to sell the printing equipment to TESCO in exchange for either a twenty percent interest in the corporate stock of TESCO or the sum of $110,000.00. Because he was the sole shareholder of TESCO, in the event that the appellant chose to take a twenty percent interest in the capital stock of TESCO in exchange for the printing machinery, the shares would have to be collected from respondent. The agreement was, therefore, signed by respondent, both individually and as a representative of TESCO.

On June 26, 1989, the appellant sought to exercise its option under the lease agreement by selling the equipment for $110,000.00. TESCO refused to purchase the equipment and appellant filed its petition alleging breach of contract against both TESCO and Thomas E. Schmitt. On September 29, 1989, respondent filed his motion to dismiss alleging that the plaintiff had failed to state a claim upon which relief could be granted. On November 27, 1989, the trial court sustained his motion with prejudice. The order of the trial court was amended on December 4, 1989, to en-

ter a determination that the dismissal was final for purposes of appeal. This appeal followed.

 In reviewing a motion to dismiss for failure to state a claim, this court construes the sufficiency of the petition liberally and all facts properly pled are taken as true and are accorded every reasonable intendment as a valid statement of a claim. *Davis v. Carmichael*, 755 S.W.2d 679, 680 (Mo.App., E.D.1988). In addition to reviewing the petition, we also review any attached exhibits in making our determination; such exhibits are considered to be part of the petition for all purposes. *Id.;* Rule 55.12. Finally, where as here, the trial court fails to state a basis for its dismissal of a cause of action, this court presumes the dismissal is on the grounds stated in the motion to dismiss. *Id.*

 The appellant contends that, as the respondent signed the lease agreement individually as well as in his corporate capacity, the respondent is jointly and severally liable. It cannot be denied that where an agent contracts in his own name rather than on behalf of his principal, the agent incurs personal liability. *Moore v. Seabaugh*, 684 S.W.2d 492, 494 (Mo.App., E.D. 1984). It is also clear that where an agent signs an agreement on behalf of a disclosed principal and the capacity in which the agent signs is evident, the agent is not liable absent clear evidence of an intention to be bound. *Id.* at 495. The agreement at issue provided, in part:

PRINTING EQUIPMENT
LEASE–PURCHASE
AGREEMENT

This Agreement made and entered into this 31st day of January, 1989, by and between SUBURBAN BUSINESS PRODUCTS, INC., a Missouri corporation (hereinafter called "Suburban"), T.E. SCHMITT COMPANY, a Missouri corporation (hereinafter called "TESCO"), and THOMAS E. SCHMITT, an individual (hereinafter called "Schmitt").

\* \* \* \* \* \*

5. During the period of the lease, Suburban will have an option to sell all its right, title and interest in the equipment to TESCO in exchange for a Twenty Percent (20%) interest in the capital stock of TESCO, to be transferred to Suburban by Schmitt; provided, however, that Suburban shall at the time of exercising the option execute a shareholder's agreement with Schmitt and TESCO in the form attached hereto as Exhibit B, and any shares issued or transferred to Suburban shall be subject to. the provisions of said shareholders' agreement.

6. If Suburban does not exercise the option contained in Paragraph 5 above, TESCO will purchase, and is hereby contractually bound (subject only to the option) to purchase the equipment for the sum of One Hundred Ten Thousand Dollars ($110,000.00), less the sale price of any excess equipment as defined in paragraph 4 above.

7. In the event TESCO purchases the printing equipment of Suburban pursuant to Paragraph 6 above, TESCO will pay the purchase price in equal monthly installments of principal over a period of five (5) years ...

The signature of respondent and the language of the contract make it clear the respondent incurred personal liability on this contract. It is also clear that, as respondent signed in a representative capacity for TESCO, the corporation also incurred liability. As both parties are bound to fulfill the obligations of the contract and since either could be charged with the entire liability under the contract, the liability of the parties is joint. *Moore*, 684 S.W.2d at 495. Consequently, pursuant to RSMo § 431.110 (1986),[1] the parties are jointly and severally liable on the contract.

This does not mean, on the other hand, that respondent is liable for the payment of the $110,000.00. The terms of the contract in question are not susceptible to more than one meaning without quite a

stretch of the imagination. As such, the contract is not ambiguous. *Joachim Sav. and Loan Ass'n v. State Farm Fire and Cas. Co.*, 764 S.W.2d 648, 651 (Mo.App., E.D.1988). Where a contract is not ambiguous, the interest of the parties are gathered from the contract alone without any reference to extrinsic evidence. *Sullivan & Watkins, Inc. v. Rauscher*, 684 S.W.2d 438, 439 (Mo.App., E.D.1984).

 Under the terms of the contract, the appellant had two optional methods of being paid if he chose to sell the machinery to TESCO: He could either take twenty percent of the stock of TESCO for which respondent was personally liable; or he could collect $110,000.00 from TESCO. Appellant chose the latter method. Under the terms of the contract TESCO is clearly the sole party liable for this transaction. The respondent could not be held personally liable. The trial court, thus, did not err. Affirmed.

CRIST and HAMILTON, JJ., concur.

---

1. RSMo § 431.110 (1986) provides: All contracts which, by the common law, are joint only, shall be construed to be joint and several.