Billy Gus SHANKLIN, Appellant,

v.

GREY EAGLE DISTRIBUTING, INC., Respondent.

No. 62736.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 2, 1993.

Janes N. Nartub, Martin & Melec, St. Louis, for appellant.

A. Stephen Pernoud, Amelung, Wulff & Willenbrock, St. Louis, for respondent.

SIMON, Presiding Judge.

Appellant, Billy Gus Shanklin, appeals the trial court's order dismissing his petition for lack of subject matter jurisdiction pursuant to the motion of respondent, Grey Eagle Distributing, Inc. Appeal dismissed.

■ Appellant filed his petition in the Circuit Court of St. Louis County seeking recovery from respondent for injuries sustained as a result of a fall which occurred on respondent's premises. At the time of the fall, appellant was working on the premises as a security guard. He was employed by a security firm which provided security guards for respondent pursuant to a contract. After the petition was filed, and after the taking of several depositions, respondent filed a motion to dismiss for lack of subject matter jurisdiction, contending that appellant was a "statutory employee" or a "borrowed servant," and that the exclusive jurisdiction for appellant's cause of action is with the Labor and Industrial Relations Commission under § 287.01, (sic) et seq. R.S.Mo. (1986). After receiving written suggestions in support and in opposition to the motion to dismiss, the trial court, on June 11, 1992, entered the following order:

The Court finds that [appellant] is a statutory employee pursuant to the provisions of Section 287.040, RSMo. and the law as enunciated in *McDonald v. Bi-State Development Agency*, 786 S.W.2d 201. Consequently, the Court further finds that it lacks jurisdiction.

WHEREFORE, [respondent's] amended motion to dismiss for lack of jurisdiction is sustained; and [appellant's] petition is dismissed. Court costs are taxed against [appellant].

On June 22, 1992, appellant filed with the trial court a request for reconsideration and rehearing of its order granting respondent's motion to dismiss. Appellant's motion was called, heard and denied on July 10, 1992. Notice of appeal to the Supreme Court of Missouri was filed on July 21, 1992. Our Supreme Court transferred the case to this court pursuant to respondent's motion.

■ Before addressing the issues on appeal, this court has a duty to determine **sua sponte** its jurisdiction. *Webster v. City of Cool Valley*, 838 S.W.2d 520 (Mo.App.1992).

In *Love Mortgage Properties, Inc. v. Horen*, 639 S.W.2d 839 (Mo.App.1982), the trial court dismissed plaintiff's petition and plaintiff filed a "Motion to Reconsider Dismissal." This court stated that "a motion to set aside

an order of dismissal is treated as a motion for new trial for purposes of appeal." *Id.*, at 840[1]. We found that plaintiff's motion to reconsider dismissal was "simply a motion for rehearing or new trial." *Id.*, at 841[1]. Here, then, for purposes of appeal, we treat appellant's request for reconsideration or rehearing as a motion for new trial.

Where a motion for new trial is filed, the judgment becomes final on the date of the disposition of the motion. Rule 81.05(a). No appeal shall be effective unless the notice of appeal is filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a).

Under Rule 81.05(a), the trial court's order became final for purposes of appeal on July 10, 1992, the date that appellant's request for reconsideration or rehearing was denied. Therefore, under Rule 81.04(a) the deadline to file a notice of appeal was July 20, 1992.

Since appellant filed his notice of appeal July 21, 1992, it is untimely. We are without jurisdiction to entertain the appeal.

Appeal dismissed.

PUDLOWSKI and GRIMM, JJ., concur.