MICHIGAN SPORTING GOODS DISTRIBUTORS, INC. d/b/a MC Sporting Goods, Plaintiff/Appellant,

v.

LIPTON KENRICK ASSOCIATES, L.P., Defendant/Respondent.

No. 69123.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 13, 1996.

Bryan Cave, L.L.P., Lisa Demet Martin, Vivian Han Waters, St. Louis, for plaintiff/appellant.

Thompson Coburn, Gary L. Mayes, James W. Erwin, St. Louis, for defendant/respondent.

AHRENS, Judge.

In this civil action, plaintiff Michigan Sporting Goods Distributors, Inc. appeals the trial court's grant of defendant Lipton Kenrick Associates' motions to dismiss for failure to state a claim upon which relief can be granted. The trial court dismissed both plaintiff's original petition seeking declaratory relief and its second amended petition seeking damages. We affirm.

On or about November 1, 1988, plaintiff's predecessor in interest, GBSGC, entered into a lease agreement with defendant's predecessor in interest, Kenrick Plaza Partners. The lease governed the rental of 15,000 square feet of retail space in Kenrick Plaza Shopping Center ("Shopping Center") for a term of 15 years. Pursuant to separate assignments, plaintiff, as tenant, and defendant, as landlord, have each assumed all the rights, benefits, and obligations of their respective predecessors in interest. At the time plaintiff accepted the assignment from Gart Brothers, around June 1, 1991, defendant certified to plaintiff that the lease agreement was in full force and effect and its terms had not been modified.

On or about September 16, 1993, plaintiff notified defendant that the lease agreement should be terminated because the shopping center was no longer being operated as a "retail shopping center"; thus, defendant had breached the lease. At that time, more than 60% of the Shopping Center was vacant and only two Shopping Center tenants, other than plaintiff, were retail merchandisers. Plaintiff ceased operating its sporting goods store on or about December 31, 1993. Plaintiff, however, continued and still continues to pay the rent expressed in the lease.

On June 22, 1994, plaintiff filed a petition for declaratory judgment against defendant praying for a declaration that, among other things, "defendant has committed a substantial and material breach of the Lease." Plaintiff attached the lease agreement as an exhibit to the petition and incorporated it by reference. Defendant responded to the petition with a motion to dismiss contending that declaratory relief was inappropriate under the standards set forth in the Declaratory Judgment Act, Chapter 527[1] because plaintiff had an adequate remedy at law and no exceptional circumstances exist which would justify granting declaratory relief. Without

---

1. Unless otherwise specified, all statutory references are to RSMo, 1994.

providing a basis for its order, the trial court granted defendant's motion and dismissed plaintiff's petition without prejudice.

In a timely manner, plaintiff filed an amended petition and then filed a second amended petition for breach of lease and misrepresentation which contained three counts. Plaintiff sought to recover its post-breach rental payments and other monetary damages. In Counts I and II, plaintiff alleged that the lease required defendant to "develop and operate a retail shopping center". In Count III, plaintiff alleged, among other things, defendant falsely represented that the lease was in full force and effect and its terms had not been modified. Again plaintiff attached the lease agreement to the petition and incorporated it by reference. Defendant responded to the second amended petition with a motion to dismiss and asserted that the lease did not create an obligation to develop and operate a retail shopping center and that no false representation had been made to plaintiff. On August 8, 1995, the trial court, without explanation, granted defendant's motion and dismissed plaintiff's second amended petition with prejudice. Plaintiff appealed in a timely manner.

■■■ In its first point relied on, plaintiff contends that the trial court erred in dismissing its original petition for declaratory judgment. Where, as here, the trial court fails to state a basis for its dismissal of a cause of action, we presume the dismissal was on the grounds stated in the motion to dismiss. *Suburban Business Products v. T.E. Schmitt Co.*, 796 S.W.2d 77, 78 (Mo.App.1990). As stated previously, defendant's motion to dismiss asserted that plaintiff had an adequate remedy at law and no exceptional circumstances exist which would justify granting declaratory relief. We agree.

The instant case is similar to *Love Mortgage Properties, Inc. v. Horen*, 639 S.W.2d 839 (Mo.App.1982). In that case, we held that a plaintiff, although ostensibly seeking declaratory relief, had as its real cause of action a breach of contract claim. *Love*, 639 S.W.2d at 841. In *Love*, the plaintiff admitted to having an adequate remedy at law when it "specifically alleged that defendant had 'breached this Lease Contract' by vari-

ous acts and requested the court to declare the lease 'breached'." *Washington University v. Royal Crown Bottling Co. of St. Louis*, 801 S.W.2d 458, 463 (Mo.App.1990). We find the same situation exists here. The petition alleges that defendant has breached its duty and obligation, and prays that the court declare the lease was breached. Therefore, plaintiff's true cause of action was for breach of lease.

Plaintiff argues that because the two parties have an on-going landlord/tenant relationship, an exceptional circumstance exists which entitles plaintiff to a declaration of its rights under the lease. To substantiate its argument, plaintiff cites *Washington University*, 801 S.W.2d at 463. That case is distinguishable. In *Washington University*, we were asked to determine whether lessees, pursuant to a lease which did not terminate until 2001, had an obligation to make "structural repairs". We held that "an award of damages would not fully and finally settle the dispute between the parties" because the need for other types of repairs may arise in the future. *Id.* Here we are asked to determine whether defendant has an obligation to establish a "retail shopping center". Once we make such a determination, we will eliminate the need for future litigation because no other issues concerning types of "retail shopping centers" will arise in the future. Therefore, an award of money damages will fully and finally settle the dispute between the parties. The trial court did not err in dismissing plaintiff's petition for declaratory judgment. Point denied.

In its second point, plaintiff maintains the trial court erroneously dismissed the second amended petition for breach of contract and misrepresentation. Plaintiff argues that the trial court was prohibited from interpreting the lease agreement in the instant proceeding. The court's ruling, plaintiff states, should have been limited to an appraisal of the allegations made in the petition. According to plaintiff, these allegations, which must be construed as true, were sufficient to state a claim for: (1) breach of an ambiguous contract, (2) breach of an unambiguous contract, and (3) negligent misrepresentation. We disagree.

In reviewing a motion to dismiss for failure to state a claim, we construe the sufficiency of the petition liberally, accept all properly pleaded facts as true, and give the pleadings their broadest intendment. *Suburban*, 796 S.W.2d at 78; *Baugher v. Gates Rubber Co.*, 863 S.W.2d 905, 907 (Mo.App. 1993). Any attached exhibits are considered to be part of the petition for all purposes. Rule 55.12. In making our determination, we are not required to accept the conclusions of the petitioner. *Baugher*, 863 S.W.2d at 907.

In all three Counts of its second amended petition, plaintiff alleged that defendant had an obligation "to provide and operate a retail shopping center leased primarily to retail tenants." In Counts I and II, this obligation was allegedly created by the lease. In Count III, this obligation was allegedly created by a representation made from defendant's predecessor in interest to plaintiff's predecessor in interest prior to establishment of the lease.

First, we will evaluate Counts I and II. In so doing, we will review the lease agreement itself because it was attached and incorporated into plaintiff's petition. *See Suburban*, 796 S.W.2d at 78–79. The lease makes numerous references to the existence of a shopping center at Kenrick Plaza. However, the lease does not unambiguously place a duty on defendant to ensure the existence of such a shopping center. Nor is there any expressed or implied requirement that a certain level of tenancy or a specific number or percentage of retail stores be maintained in the shopping center. Furthermore, there is no ambiguous language that is reasonably susceptible to a construction which would place such a duty on defendant. While the lease fails to state that no such duty exists, an ambiguity cannot be created by silence, especially when both parties are sophisticated bargainers. See *Mobil Oil Credit v. DST Realty, Inc.*, 689 S.W.2d 658 (Mo.App.1985). The trial court did not err in dismissing Counts I and II.

Next, we will evaluate Count III. In Count III, plaintiff alleges that its predecessor in interest was told that Kenrick Plaza would be a "retail hub" and that specifically named retailers would be tenants in the shopping center. Plaintiff further alleges that, prior to plaintiff accepting assignment of the lease, defendant certified that the lease was in full force and effect and its terms had not been modified. Plaintiff asserts that this certification was false because the representation made to its predecessor in interest was not being honored by defendant.

The lease here is an unambiguous and complete written document which contains an integration clause. The clause states that it "contains the entire Agreement between the parties" and any future modifications must be in a signed writing. Therefore, any representation made by defendant's predecessor in interest prior to entering into the lease was not integrated into the lease and had no binding effect on defendant. *See Union Electric Co. v. Fundways, Ltd.*, 886 S.W.2d 169, 170–71 (Mo.App.1994). Under these circumstances, we hold that defendant's certification to plaintiff did not constitute a false representation. The trial court did not err in dismissing Count III. Point denied.

Affirmed.

CRANE, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.