GOLDFINCH ENTERPRISES,
INC., Appellant,

v.

COLUMBIA W, L.P., and Investment
Properties and Management,
Inc., Respondents.

No. WD 64184.

Missouri Court of Appeals,
Western District.

April 12, 2005.

Loren Wray Moll, Overland Park, KS, for appellant.

Thomas M. Franklin, Kansas City, for respondent.

PAUL M. SPINDEN, Presiding Judge.

Goldfinch Enterprises, Inc., is arguing with its lessor, Columbia W, and the manager of Columbia W's retail center, Investment Properties and Management, Inc., over parking spaces in a shared parking lot. The circuit court granted summary judgment for Columbia W and Investment Properties on the ground that the parties' lease agreement granted Columbia W control over the parking lot. We affirm the circuit court's judgment.

Goldfinch leased one of six stores in the retail center to operate a yoga center. The parking lot outside the stores had 25 spaces. Goldfinch's customers frequently took all of the available parking spaces. This caused another tenant in the center, John Scott Fitness, to mark off six parking spaces for its customers' exclusive use without Columbia W's permission. Goldfinch complained to Columbia W and to Investment Properties about John Scott Fitness' manager and employees accosting

Goldfinch's customers who parked in the spaces reserved for fitness center customers. Goldfinch suggested to Columbia W that it allow John Scott Fitness to mark off only three parking spaces, but Columbia W did not respond to the suggestion or do anything to resolve the dispute.

Goldfinch sued Columbia W and Investment Properties. Count I of its petition sought the circuit court's declaratory judgment that Columbia W had breached the lease "by permitting one tenant to claim exclusive use of certain parking areas[.]" Count II was a breach of contract action that prayed "for damages in an amount to be proven at trial[.]"

Several weeks after Goldfinch filed its lawsuit, the fitness center reduced its reserved spaces to three, but Goldfinch persisted in its lawsuit. The circuit court granted summary judgment for Columbia W and Investment Properties. Its judgment said:

> The Court finds that, under the terms of the lease agreement, Defendant Landlord has not violated the Lease by allowing another tenant to post signs and mark off three parking spots for its customers. The Lease provides that all common areas are subject to the exclusive control areas. The Court finds that there remain no questions of material fact and that Defendants are entitled to judgment as a matter of law as to the issue of lease violation.
>
> **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**. Defendants' request for attorney's fees is denied.
>
> **JUDGMENT** is entered in favor of Defendants on Plaintiff's request for declaratory relief and damages. Costs are assessed against Plaintiff.[1]

■ The circuit court correctly refused to grant declaratory judgment for Goldfinch. Goldfinch's dual action for declaratory judgment and for breach of contract was mutually exclusive. The circuit court did not have authority to issue a judgment in law and a declaratory judgment in the same action. Because Goldfinch was asserting a breach of contract action in Count II, a remedy in law, the circuit court could not exercise its power under the Declaratory Judgment Act, Chapter 527 of the Revised Statutes. An adequate remedy at law existed and was being exercised, precluding the circuit court's acting to grant declaratory judgment. *Graham v. Goodman,* 850 S.W.2d 351, 356 (Mo. banc 1993); *Michigan Sporting Goods Distributors, Inc. v. Lipton Kenrick Associates, L.P.,* 927 S.W.2d 570, 572 (Mo.App.1996).

■ The circuit court also correctly granted summary judgment for Columbia W and Investment Properties in response to Goldfinch's breach of contract action. No genuine issue of material fact was in dispute, and judgment for Columbia W and Investment Properties was appropriate as a matter of law.

Goldfinch did not dispute that the lease agreement declared that the parking area was a "common area," and that the common areas were "at all times . . . subject to the exclusive control and management of [Columbia W]." The agreement further provided that Columbia W had authority to "change the size, area or arrangement of the parking areas[.]" By agreeing to permit Columbia W to change the size and configuration of the parking lot, Goldfinch, in effect, authorized Columbia W to give exclusive use of three parking spaces to the fitness center. The lease granted this right exclusive of Goldfinch's approval. Columbia W had no obligation under the

---

1. The emphasis appeared in the original.

lease to satisfy Goldfinch's desires or needs.

Goldfinch emphasizes that the lease required Columbia W to "enforce reasonable rules and regulations with respect to the use of all . . . common areas and facilities." The provision for "reasonable rules and regulations," it argues, would prohibit Columbia W from acting arbitrarily and capriciously in setting aside parking spaces for one of the tenants, and, whether or not Columbia W had acted reasonably would be an issue of fact that precluded summary judgment.

Goldfinch misreads the provision. It has nothing to do with setting aside parking spaces for the exclusive use of any of the tenants. Columbia W's permitting the fitness center to claim the six parking spaces did not constitute implementation of a rule or regulation. As the term "rule or regulation" is commonly understood, Columbia W would have been implementing a rule or regulation only had it attempted to govern *how* parking spaces within the common area were to be used. For instance, Columbia W could enact a rule or regulation *requiring* that *only* compact cars could park in certain spaces. Had it done so, the spaces so regulated would have remained a part of the common area. In contrast, Columbia W permitted the fitness center to remove the parking spaces from the common area entirely by setting them aside for the center's exclusive use. Those spaces were no longer subject to rules governing the common area's use because, although they still functioned as parking for fitness center customers, they were no longer a part of the common area.

Because Goldfinch is not disputing Columbia W's authority to reduce the parking lot's size, the circuit court properly granted summary judgment on Goldfinch's breach of contract claim for Columbia W

and Investment Properties. We, therefore, affirm the circuit court's judgment.

VICTOR C. HOWARD and THOMAS H. NEWTON, Judges, concur.