CINCINNATI CASUALTY COMPANY,
Appellant,

v.

GFS BALLOONS and James Robbins,
IV, Respondents.

No. ED 85211.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 30, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Mary Anne Lindsey, Evans & Dixon, L.L.C., St. Louis, MO, for appellant.

Stephen Lee Beimdiek, Jennifer A. Tyus, Lashly & Baer, Ronald August Caimi, Brown & Crouppen, St. Louis, MO, for respondents.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Cincinnati Casualty Company ("Cincinnati"), appeals from the judgment of the Circuit Court of the City of St. Louis granting Respondent GFS Balloons' ("GFS") motion to dismiss. The court proceeded to enter judgment in favor of GFS and Respondent James Robbins, IV ("Robbins") on Cincinnati's amended petition for declaratory judgment. We affirm.

Cincinnati is a foreign insurance company registered to do business in Missouri. Cincinnati issues workers' compensation liability insurance policies to employers. GFS is a wholesale balloon business, owned by Susan Ward ("Ward"), in St. Louis, Missouri. Robbins worked as a manager for GFS, and his duties included the delivery and sale of balloons.

Cincinnati issued a workers' compensation policy ("the policy") to GFS on December 1, 2000 for the term of December 7, 2001 to December 7, 2002.

On June 13, 2002, Robbins sustained injuries while painting a tin roof at the personal property of Ward in Illinois when he fell fifteen to seventeen feet, suffering several fractures that required medical treatment. Ward failed to notify Cincinnati of Robbins injuries until October 26, 2002. Robbins filed workers' compensation claims for benefits in Illinois and Missouri on October 30, 2002 and November 20, 2002, respectively. Each of these claims is presently pending.

On July 10, 2003, Cincinnati filed an amended petition for a declaratory judgment in the Circuit Court of the City of St.

Louis. Count I in the amended petition requested a declaration that GFS and Ward failed to comply with part four of the policy entitled "Your Duties If Injury Occurs." Count I alleged the failure to notify Cincinnati "at once" of the injury at issue here, as required by Part Four of the policy, relieved Cincinnati of any duty to defend GFS in Robbins' pending workers' compensation claims, to provide coverage for the injuries, or to pay any workers' compensation benefits to Robbins. Count II sought a declaration that Robbins was not fulfilling his duties as manager for GFS, or performing an activity incidental to that employment, at the time of the accident.

During a status conference on August 4, 2004, the trial judge granted GFS leave to file a motion to dismiss both counts of the amended petition for lack of subject matter jurisdiction. On August 27, 2004, the trial judge issued judgment granting GFS' motion to dismiss both counts of the amended petition. The trial court also entered judgment in favor of GFS and Robbins and against Cincinnati as to Cincinnati's amended petition. This appeal followed.

■■■ The trial court's decision to dismiss for lack of subject matter jurisdiction will not be reversed on appeal absent an abuse of discretion. *Schopp v. Matlock*, 880 S.W.2d 357, 359 (Mo.App. E.D.1994). The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is "so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 148 (Mo.App. E.D.1999), *quoting Burns v. Employer Health Serv. Inc.*, 976 S.W.2d 639, 641 (Mo.App. W.D.1998).

In its first point on appeal, Cincinnati argues that the trial court erred as a matter of law in dismissing its amended petition for lack of subject matter jurisdiction. Cincinnati claims the trial court has subject matter jurisdiction because it is a court of general jurisdiction with the ability to grant a declaratory judgment and the exclusivity provision of the Workers' Compensation Act does not bar such relief.

We will first address whether the trial court had subject matter jurisdiction over Count I of the amended petition, and then whether the trial court had subject matter jurisdiction over Count II.

■■■ One requisite element to maintain an action for declaratory judgment is the absence of an adequate remedy at law. *City of Sullivan v. Truckstop Restaurants*, 142 S.W.3d 181, 193 (Mo.App. E.D.2004). A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. *See Michigan Sport. Goods Distrib., Inc. v. Lipton Kenrick*, 927 S.W.2d 570, 572 (Mo.App. E.D.1996). Absent exceptional circumstances plainly appearing, a trial court may not use the Declaratory Judgment Act when an adequate remedy at law exists. *Williams v. Mercantile Bank of St. Louis*, 845 S.W.2d 78, 83 (Mo.App. E.D. 1993).

■■■ Count I of Cincinnati's amended petition seeks a declaration that Cincinnati is exempt from providing coverage and benefits to GFS and Robbins due to GFS' failure to comply with part four of the policy. The declaration sought would establish nothing more than a breach of contract, and thus we find this is a breach of contract claim. Cincinnati has an adequate remedy at law for this contract claim. Furthermore, there are no exceptional circumstances plainly appearing that

would entitle Cincinnati to a declaratory judgment. Therefore, the court did not have subject matter jurisdiction over Count I as declaratory relief would be inappropriate for this claim.

Next, we will discuss whether the trial court had subject matter jurisdiction over Count II of Cincinnati's amended petition.

Missouri courts have consistently held that the Labor and Industrial Relations Commission ("the Commission") has exclusive original jurisdiction to hear any claim in which a threshold question is whether a work-related injury resulted from an accident arising out of and in the course of employment. *Schopp,* 880 S.W.2d at 359. When a trial court doubts its own jurisdiction, that doubt should be resolved in favor of the Commission. *Oberreiter v. Fullbright Trucking Co.,* 117 S.W.3d 710, 716 (Mo.App. E.D.2003). A trial court may determine whether the plaintiff was an "employee," but may not determine whether there was an "accident arising out of and in the course of employment." *Hill v. John Chezik Imports,* 797 S.W.2d 528, 531 (Mo.App. E.D.1990), *quoting Jones v. Jay Truck Driver Training Center,* 709 S.W.2d 114, 115 (Mo.banc 1986).

A motion to dismiss for lack of subject matter jurisdiction is the appropriate means by which to raise a workers' compensation exclusivity defense. *Howell v. Lone Star Industries, Inc.,* 44 S.W.3d 874, 877 (Mo.App. E.D.2001). The trial court should grant the motion to dismiss where it appears, by a preponderance of the evidence, that the trial court lacks subject matter jurisdiction because of workers' compensation exclusivity. *Id.*

Count II seeks a declaration that Robbins' injuries are not covered under the policy. The trial court would have had to determine whether Robbins' accident arose out of and in the scope of his employment with GFS to make this declaration. Such a factual analysis and determination falls within the exclusive jurisdiction of the Commission. Thus, the trial court lacked subject matter jurisdiction over Count II.

Therefore, GFS' motion to dismiss was properly granted because the trial court lacked subject matter jurisdiction over both counts of Cincinnati's amended petition. Point denied.

In its second point on appeal, Cincinnati argues that the trial court erred as a matter of law by entering a judgment in favor of GFS and Robbins after granting GFS' motion to dismiss for lack of subject matter jurisdiction. Cincinnati argues the only action the trial court could have taken was to exercise its inherent power to dismiss.

When a court lacks subject matter jurisdiction it only has the power to dismiss the action. *Heinle v. K & R Express Systems, Inc.,* 923 S.W.2d 461, 464 (Mo. App. E.D.1996). Any other actions or proceedings of the court are null and void. *Id.*

However, "A judgment which grants excessive relief may yet be valid if, by striking the surplusage, the remainder may be separated and treated as dispositive of the controversy." *Missouri Rock, Inc. v. Winholtz,* 614 S.W.2d 734, 740 (Mo. App. W.D.1981). An appellate court should affirm the correctly decided portion of the judgment "if the excess matter is separable, does not affect the finality of the judgment and is otherwise a proper subject for appellate disposition within the issues framed." *Id.*

Having found it lacked subject matter jurisdiction, the trial court only had the authority to dismiss the amended petition. However, the trial court further ordered that, "JUDGMENT is hereby en-

tered in favor of Defendants GFS Balloons and James Robbins, IV and against Plaintiff as to Plaintiff's Amended Petition." The trial court exceeded its authority when it entered judgment in favor of GFS and Robbins, thus, that part of the judgment is null and void.

Therefore, we strike as surplusage the portion of the judgment in favor of GFS and Robbins and affirm the remaining portion dismissing Cincinnati's amended petition for lack of subject matter jurisdiction. Point denied.

Based on the foregoing, we affirm the judgment of the trial court as modified.

MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.