

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| CENTURY MOTOR CORPORATION, | ) | No. ED101749 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Charles County |
| | ) | |
| FCA US LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Honorable Ted C. House |
| and | ) | |
| | ) | |
| EDWIN BERGEN, | ) | |
| | ) | |
| Defendant. | ) | Filed: August 11, 2015 |

### *Introduction*

Defendant FCA US LLC f/k/a Chrysler Group (Chrysler) appeals a declaratory judgment entered by the Circuit Court of St. Charles County in favor of Plaintiff Century Motor Corporation (Century) on Century's claim that Chrysler violated the implied covenant of good faith and fair dealing by working to establish a new dealer in Century's market area while failing and refusing to fulfill Century's new vehicle orders. Chrysler asserts that the trial court erred in entering the declaratory judgment because: (1) Century had an adequate remedy at law; (2) the trial court's declaration contradicted the jury's factual findings; (3) Chrysler's alleged breach was not premised on express terms of the parties' contract; (4) the trial court failed to join a necessary party; (5) the trial court lacked jurisdiction; and (6) Century's claim was not ripe. In

addition, Chrysler contends that the trial court erred in failing to award it costs pursuant to Rule 77.01. We reverse and remand.

*Factual and Procedural Background*

Century is a franchise automobile dealer that sold cars manufactured and distributed by Chrysler, including Jeep, Chrysler, Dodge, and Ram brands. In February 2011, Chrysler and Century executed a Jeep Sales and Service Agreement (SSA).

The SSA's introductory paragraph states: "The purpose of the relationship established by this Agreement is to provide a means for the sale and service of specified Jeep vehicles and the sale of [Chrysler] vehicle parts and accessories in a manner that will maximize customer satisfaction and be of benefit to [Century] and [Chrysler]." Section 4 of the SSA provides that Century's right to purchase Chrysler's products for resale was "non-exclusive." It further states:

> [Century] will actively and effectively sell and promote the retail sale of [Chrysler] vehicles, vehicle parts and accessories in [Century]'s Sales Locality. As used herein, "Sales Locality" shall mean the area designated in writing to [Century] by [Chrysler] from time to time as the territory of [Century's] responsibility for the sale of [Chrysler] vehicles, vehicle parts and accessories, although [Century] is free to sell said products to customers wherever they may be located. Said Sales Locality may be shared with other [Chrysler] dealers of the same line-make as [Chrysler] determines to be appropriate.

In regard to Chrysler's obligation to fill Century's vehicle orders, the "Additional Terms and Provisions," which are expressly incorporated by reference into the SSA, provide:

> Except as otherwise allowed by this Agreement, [Chrysler] shall use its best efforts to fill accepted orders for specified [Chrysler] vehicles, parts and accessories. Notwithstanding the foregoing, in the event that demand exceeds supply of specified [Chrysler] vehicles, [Century] acknowledges that [Chrysler] has the right to allocate such supply in any reasonable manner [Chrysler] deems fit in any geographical market.

In April 2012, Century filed a petition for damages against Chrysler. Century's third amended petition alleged that Chrysler violated the: (1) Missouri Motor Vehicle Franchise

2

Practices Act (MVFPA) by failing or refusing to deliver "reasonable quantities" of the vehicles Century ordered (Count I); (2) implied duty of good faith and fair dealing by "working to establish a new dealer in Lincoln County while at the same time failing and refusing to fill Century's new vehicle orders" (Count II); (3) MVFPA by failing to "fairly and reasonably" compensate Century for its warranty service (Count III); and (4) MVFPA by operating an unlawful sales incentive program (Count V) and breached the SSA by "continually fail[ing] to fill Century's orders for Jeep Grand Cherokee and Wrangler vehicles since Century re-opened in March 2011" (Count VI).[1]

In response, Chrysler filed an answer and a motion to dismiss Counts I and II. In regard to Count II, which sought a "judgment declaring that Chrysler has violated its duty of good faith under [the SSA]," Chrysler argued that: (1) Century failed to state a claim upon which relief may be granted because the SSA contemplated the establishment of a dealer in Lincoln County; and (2) Century's claim was not ripe because Chrysler had not entered into a letter of intent with any new dealer candidate; and (3) the trial court lacked personal jurisdiction because the parties agreed to litigate all disputes in federal court. After hearing arguments, the trial court denied Chrysler's motion to dismiss.[2]

Prior to trial, the parties agreed that the trial court would decide Count II, and the jury would decide the four remaining counts in Century's petition. The issues for jury determination

---

[1] Century also alleged claims of tortious interference against Chrysler (Count VII) and Edwin Bergen, Chrysler's dealer placement manager for the St. Louis area (Count IV). Century dismissed these counts without prejudice.

[2] In March 2014, Chrysler filed a motion for summary judgment on all counts of Century's petition. In regard to Count II, Chrysler argued that the undisputed facts showed that: (1) declaratory relief was "unavailable under Missouri law regarding a claim for violation of the duty of good faith"; (2) if relief could be granted, the evidence showed no breach of the duty of good faith; (3) the MVFPA provides the sole remedy for protesting establishment of new dealers; and (4) Century's claim was not ripe. Century did not file a response.

were whether Chrysler: (1) breached the SSA and violated the MVFPA "regarding allocation and distribution of Grand Cherokees and 4-door Wranglers to [Century]" (Counts I and VI); (2) failed to fairly and reasonably compensate Century for warranty service work in violation of the MVFPA (Count III); and (3) established an improper sales incentive program in violation of the MVFPA (Count V).

The trial court conducted a nine-day jury trial in April 2014. After the close of Century's evidence, Chrysler moved for judgment on Count II and for directed verdicts on all other counts. In regard to Count II, counsel for Chrysler argued that there was "no authority that this kind of relief, declaratory relief, is available for alleged breach of duty of good faith. It's really I think a back door attempt to state a contract claim that at this point is clearly not ripe under any set of circumstances." In response, counsel for Century argued that the trial court had "broad powers to grant [declaratory relief] when there is a dispute between parties to a contract." The trial court denied Chrysler's motion for judgment.

After the close of evidence, Chrysler renewed its motion for judgment as to Count II. Chrysler's counsel argued:

> [W]e're talking about implied covenant of good faith and fair dealing here. Nothing that's under discussion would in any way violate the explicit terms of the contract. To the contrary, it's permitted by the explicit terms of the contract. There simply cannot be bad faith and unfair dealing under those circumstances. This is not an appropriate case for declaratory judgment, Your Honor.

The trial court denied Chrysler's renewed motion for judgment.

While the jury deliberated, the parties presented arguments on Count II. In response to the trial court's questions, counsel for Century clarified that Count II was not based upon a specific provision of the SSA, but rather was "purely based on the implied duty of good faith

4

under the contract." When the trial court questioned the usefulness of a declaratory judgment, this exchange followed:

> [COURT]: . . . I'm not directing anybody to do anything. It's a declaration – Let's say I declare that Chrysler is not acting in good faith and has violated the implied covenant of good faith in the execution of their obligations under the contract, then what? What does that get you?
> [COUNSEL FOR CENTURY]: It gets me a –
> [COURT]: What do you do with it?
> [COUNSEL FOR CENTURY]: What do I do with it?
> [COURT]: That still doesn't stop them from establishing a dealership in Troy, does it?
> [COUNSEL FOR CENTURY]: If they proceed in the face of an order like that, Judge, I think I can come in and get a very quick injunction.
> [COURT]: Okay. So you would use that down the line.
> [COUNSEL FOR CENTURY]: Yes. Yes.

Prior to taking Count II under advisement, counsel for both parties agreed that "Count II is completely independent of the rest of the counts" so that the trial court's decision could "generally appear to be completely inconsistent with the jury's findings of facts on the other counts."

The jury returned verdicts for Chrysler on Count I, III, V, and VI. Prior to the trial court's entry of judgment on Count II, Chrysler filed a "final bill of costs" requesting that $10,792.89 "be taxed as costs in this case pursuant to § 514.060 RSMo. and Rule 77.01."

Two days later, the trial court entered judgment in favor of Century on Count II. Although the parties did not request findings of fact and conclusion of law, the trial court found, among other things, that: (1) Chrysler's "system for allocating vehicles to its dealers is unfair and unreasonable as applied to [Century]"; and (2) Century had been "substantially damaged by the failure and refusal of [Chrysler] to provide sufficient Jeep Grand Cherokee and Jeep 4-door Wrangler vehicles to Plaintiff . . . ." The trial court concluded that Chrysler's allocation system and plans to establish a dealership in Troy "violate[] the express terms of the [SSA] and the

5

implied duty of good faith therein." In regard to costs, the trial court stated: "As each party has prevailed on different counts, no award of costs is made."

Chrysler filed a motion to amend the judgment on the grounds that it "improperly contradict[ed] the jury's findings and invade[d] the province of the jury," exceeded the scope of relief requested by Century, and failed to consider the required elements of declaratory judgment and the duty of good faith and fair dealing. Chrysler also reiterated its argument that Missouri law did not authorize declaratory relief for a breach of the implied duty of good faith and fair dealing.

After hearing arguments, the trial court issued an amended judgment, stating:

> On Count II it is adjudged and declared that Defendant Chrysler Group LLC has violated the implied duty of good faith under the [SSA] . . . by working to establish a new Chrysler Jeep Cherokee and Four-Door Wrangler dealer in Lincoln County while at the same time not filling Plaintiff Century Motor Corporation's orders of those new vehicles.
> (The Court notes that its declaratory judgment on Count II is not inconsistent with the factual findings made by the jury on Counts I, III, V and VI. Count II presents a different theory and cause of action with additional evidence and requires a different analysis and application of the facts than the Counts submitted to the jury.)
> As each party has prevailed on different counts, no award of costs is made.

Chrysler appeals.

### *Standard of Review*

The standard of review for a declaratory judgment action is the same as in any other court-tried case. City of Kansas City v. Chastain, 420 S.W.3d 550, 554 (Mo. banc 2014). "The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. (quotation omitted). We apply de novo review to questions of law decided in court-tried cases. Pearson v. Koster, 367 S.W.3d 36, 43 (Mo. banc 2012).

*Discussion*

*1. Declaratory Judgment*

Chrysler's sixth point on appeal alleges that the trial court erred in entering a declaratory judgment because Century failed to demonstrate that its claim was "ripe for judicial resolution." Century counters that declaratory judgment was appropriate because Chrysler's ongoing efforts to establish "a new dealer Jeep dealer in Century's sales market even as it fails to fill Century's orders for Jeep vehicles" created a ripe and justiciable controversy.[3]

The Declaratory Judgment Act authorizes trial courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Mo. Rev. Stat. § 527.010. See also Rule 87.02(a). The purposes of a declaratory judgment are "to give parties relief from uncertainty and insecurity and to reduce multiple lawsuits." Van Dyke v. LVS Bldg. Corp., 174 S.W.3d 689, 692 (Mo.App.W.D. 2005) (internal quotations omitted). A court may grant a declaratory judgment if presented with: (1) a justiciable controversy; (2) legally protectable interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.[4] Schaefer v. Koster, 342 S.W.3d 299, 300 (Mo. banc 2011). Declaratory judgment "is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing

---

[3] Because our resolution of Chrysler's sixth point is dispositive of the appeal, we do not reach the merits of Chrysler's points one through five.

[4] Although the Supreme Court has identified justiciability and ripeness as distinct requirements for a declaratory judgment, it has also recognized ripeness as a sub-element of justiciability. See, e.g., Mercy Hosps. E. Cmtys. v. Mo. Health Facilities Review Comm., 362 S.W.3d 415, 417 (Mo. banc 2012) ("In the context of a declaratory judgment action, a justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination."). As justiciability and ripeness are linked, we consider these two factors together.

remedies" and it "should be used with caution." Blackburn v. Habitat Dev. Co., 57 S.W.3d 378, 389 (Mo.App.S.D. 2001) (quotation omitted).

"A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination." Mo. Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10, 26 (Mo. banc 2003). A justiciable controversy is a "real, substantial, presently existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation[.]" Id. at 25. In other words, "[t]he facts on which the decision is demanded must have accrued so that the judgment declares the existing law on an existing state of facts." City of Joplin v. Mo. Lead & Zinc Co., 861 S.W.2d 157, 160 (Mo.App.S.D. 1993) (quoting City of Jackson v. Heritage Sav. & Loan Ass'n, 639 S.W.2d 142, 144 (Mo.App.E.D. 1982)). If the question before the trial court is not "ready for judicial decision . . . the judgment is a nullity." State ex rel. Mo. Parks Ass'n v. Mo. Dept. of Nat'l Resources, 316 S.W.3d 375, 385 (Mo.App.W.D. 2010) (quotation omitted).

In this case, Century's petition requested a declaration that Chrysler "violated its duty of good faith under [the SSA]" by "working to establish a new dealer in Lincoln County while it [sic] at the same time failing and refusing to fill Century's new vehicle orders."[5] At trial,

---

[5] In its brief and oral argument, Century failed to cite any authority for the proposition that a trial court may enter declaratory relief for breach of a contract's implied covenant of good faith and fair dealing. In response to this court's request, counsel for Century filed a letter of supplemental authority citing Arbors at Sugar Creek Homeowners Assoc., Inc. v. Jefferson Bank & Trust Co., Inc., Case No. ED99730, 2014 WL 5462463 (Mo.App.E.D. Oct. 28, 2014). However, the Missouri Supreme Court accepted transfer of this case. "The decision of the court of appeals in a case subsequently transferred is of no precedential effect." Benton House, LLC v. Cook & Younts Ins., Inc., 249 S.W.3d 878, 883 (Mo.App.W.D. 2008) (quotation omitted). In its subsequent decision affirming the trial court's denial of the plaintiffs' petition for declaratory judgment, the Missouri Supreme Court did not analyze the issue of whether declaratory relief is appropriate for an alleged breach of an implied covenant of good faith and fair dealing. Arbors at Sugar Creek Homeowners Assoc. v. Jefferson Bank & Trust Co., Inc., Case No. SC94693, 2014 WL 3979786 (Mo. banc June 30, 2015).

8

Century's CEO testified that "Chrysler is attempting to locate another dealer on top of the one hundred and thirty that they've already added. This one they're going to put just north of Century in – we're in Wentzville, and they want to put another dealership in Troy." Chrysler's dealer placement manager, confirmed that Chrysler had "found a willing candidate" to open a dealership in Troy and it was "Chrysler's intent to give the Behlmann group a Jeep franchise agreement." Mr. Behlmann testified that he was "interested in establishing a dealership in Troy . . . ." Based on this evidence, the trial court declared in its amended judgment: "[Chrysler] has violated the implied duty of good faith under the [SSA] by working to establish a new Chrysler Jeep Cherokee and Four-Door Wrangler dealer in Lincoln County while at the same time not filling [Century's] orders of those new vehicles."

Century asserts that it presented a ripe and therefore justiciable controversy to the trial court because Chrysler "is actively seeking to add a new Jeep dealer in Century's market." However, Century acknowledges that "Chrysler had not yet entered into a franchise agreement with its proposed new dealer . . . ." That Chrysler will enter such an agreement with a competing dealer, that a competing dealer will successfully open a dealership, and that Century's inventory problems will persist are pure speculation. Accordingly, Century sought an advisory opinion on a speculative or hypothetical situation.

Because Chrysler has not entered a franchise agreement with a competing dealer in Lincoln County, "the situation does not admit of specific relief through a decree of a conclusive character." Mo. Lead & Zinc, 861 S.W.2d at 161. "A declaratory judgment should have a conclusive effect and should lay to rest the parties' controversy." Mo. Soybean Ass'n, 102 S.W.3d at 25 (internal quotation omitted). In this case, the record reveals that the trial court's declaration – that Chrysler "has violated the implied duty of good faith under the [SSA]" – did

not resolve the parties' dispute. Indeed, at trial, counsel for Century acknowledged that Century would use the declaratory judgment "down the line," stating: "If [Chrysler and Mr. Behlmann] proceed in the face of an order like that, Judge, I think I can come in and get a very quick injunction." In the event that Chrysler and Mr. Behlmann agreed to open a dealership in Troy, the question of whether Century would be entitled to an injunction or damages could be decided only upon an evidentiary hearing. As such, the trial court's declaration had no conclusive effect. "In the absence of a concrete case upon which the court's decree can have a conclusive effect, there is no justiciable controversy." Fulson v. Kansas City Star Co., 816 S.W.2d 297, 300 (Mo.App.W.D. 1991). Point granted.[6]

*2. Costs*

In its final point on appeal, Chrysler claims the trial court erred in failing to award it costs. Chrysler asserts that, because it prevailed in its defense of all counts in Century's petition, it was entitled to an award of costs. Century counters that the trial court did not err in declining to award Chrysler costs because "Chrysler did not prevail on all claims in that Century prevailed on its claim for declaratory judgment."

---

[6] If "working" to establish a new dealership and failing to fill orders for new vehicles allegedly breached (or, as the trial court concluded, "violated") the SSA, then the proper way to seek relief is through a suit for breach of the SSA. "Breach of the implied duty of good faith and fair dealing is a contract action." Kroger v. Hartford Life Ins. Co., 28 S.W.3d 405, 413 (Mo.App.W.D. 2000). It is well-settled that declaratory relief is not proper where the "real cause of action is an action at law for breach of contract." Love Mortg. Props., Inc. v. Horen, 639 S.W.2d 839, 841 (Mo.App.E.D. 1982). See also Cincinnati Cas. Co. v. GFS Balloons, 168 S.W.3d 523, 525 (Mo.App.E.D. 2005) ("A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract."); Goldfinch Enters., Inc. v. Columbia W, L.P., 159 S.W.3d 866, 867 (Mo.App.W.D. 2005) (trial court correctly refused to grant the plaintiff a declaratory judgment because the plaintiff's "dual action for declaratory judgment and for breach of contract was mutually exclusive.").

Rule 77.01 provides: "In civil actions, the party prevailing shall recover his costs against the other party, unless otherwise provided in these rules or by law." Rule 77.01. See also Mo. Rev. Stat. 514.060. In this case, the jury returned verdicts in favor of Chrysler on Counts I, III, V, and VI, and the trial court entered declaratory judgment in favor of Century on Count II. Based on this outcome, the trial court found: "As each party has prevailed on different counts, no award of costs is made."

As a result of this appeal, however, Chrysler has prevailed in its defense of all counts alleged in Century's petition. We therefore reverse the denial of costs and remand to the trial court for an assessment of costs incurred in the circuit court. See, e.g., Kaplan v. U.S. Bank, N.A., 166 S.W.3d 60, 76 (Mo.App.E.D. 2003). Point granted.

### *Conclusion*

We reverse the trial court's declaratory judgment and remand for further proceedings consistent with this opinion.

Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

11